**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

ALMANZO VIDAL ET AL.,

Plaintiffs,

-against-

19 **CIVIL** 3675 (JGK)

**JUDGMENT**

COLUMBUS VILLAGE LLC ET AL.,

Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6 30 22

It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons

stated in the Court's Order dated June 29, 2022, judgment is hereby entered for the plaintiffs in

accordance with the Settlement Agreement. The Court will retain jurisdiction to enforce the

terms of the Settlement Agreement; accordingly, the case is closed.

**Dated:**  New York, New York
June 30, 2022

**RUBY J. KRAJICK**

_____
**Clerk of Court**

BY:

_____
**Deputy Clerk**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CATALINO FAUSTINO ALMAZO VIDAL,
EDY SANTIAGO HERNANDEZ MENCIA,
ELCIAS LORENZO MEJIA SAPON, HECTOR
SUTUJ, MARTIN ITZEP ALVAREZ, MIGUEL
ALEX QUIEJ LOPEZ, RICARDO MORALES,
RUBEN CATU AJMAC, SANTIAGO ANTONIO
LOPEZ, HERMENEGILDO MIQUEAS
TAYUN IXCOY, JACINTO FRANCISCO
SAPON AJCHE, JUAN NOE VASQUEZ
BATEN, SOTERO NERI FLORES, and
GREGORIO LOPEZ HERNANDEZ, *individually*
*and on behalf of others similarly situated,*

Plaintiffs,

-against-

COLUMBUS VILLAGE LLC (D/B/A
BAREBURGER), BARE CITY TWO, LLC
(D/B/A BAREBURGER), BB ONE, LLC
(D/B/A BAREBURGER), EAST SIDE
BURGERS LLC (D/B/A BAREBURGER), BB 57
LLC (D/B/A BAREBURGER), BAREBURGER
GROUP LLC (D/B/A BAREBURGER), TIDM
CORP. (D/B/A BAREBURGER), GEORGIOS
TZANIDAKIS, MICHAEL PITSINOS, EDGAR
RAMOS, MANNY DOE, and MARIA DOE,

Defendants,

**1:19-cv-03675-JGK-OTW**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among ELCIAS LORENZO MEJIA SAPON, HECTOR SUTUJ, MARTIN ITZEP ALVAREZ, MIGUEL ALEX QUIEJ LOPEZ, RICARDO MORALES, RUBEN CATU AJMAC, HERMENEGILDO MIQUEAS TAYUN IXCOY, JACINTO FRANCISCO SAPON AJCHE, JUAN NOE VASQUEZ BATEN, SOTERO NERI FLORES, and GREGORIO LOPEZ HERNANDEZ, (collectively hereinafter "Plaintiffs") on the one hand, and Bare City Two, LLC (d/b/a Bareburger), BB One, LLC (d/b/a Bareburger), and BB 57 LLC (d/b/a Bareburger), (collectively hereinafter the "Defendants") on the other hand (Plaintiffs and Defendants may be referred to collectively herein as the "Parties").

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms

thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Case No.: 1:19-cv-03675-JGK-OTW (hereinafter "the Litigation" or "Lawsuit"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and the individual Defendants deny that they were Plaintiffs' employer;

WHEREAS Plaintiff Catalino Faustino Almazo Vidal settled his claims against other defendants and has not asserted any claims against the Defendants (as "Defendants" is defined in this Agreement);

WHEREAS Plaintiffs Santiago Antonio Lopez and Edy Santiago Hernandez Mencia lost interest in pursuing their claims against Defendants and counsel, Michael Faillace Associates, P.C. will move the Court to withdraw from representing these Plaintiffs in this Litigation"

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.      Payment: Subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of all claims Plaintiffs had against Defendants in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the sum of **Fifty-One Thousand, Five Hundred Dollars and No Cents ($ 51,500.00)** (the "Settlement Amount"), to be distributed as follows:

| Elcias Lorenzo Mejia Sapon | $ 3,239.50 by 1099 |
|---|---|
| Hector Sutuj | $ 6,813.14 by 1099 |
| Martin Itzep Alvarez | $ 553.31 by 1099 |
| Miguel Alex Quiej Lopez | $ 2,396.46 by 1099 |
| Ricardo Morales | $ 2,089.39 by 1099 |
| Ruben Catu Ajmac | $ 3,373.15 by 1099 |
| Jacinto Francisco Sapon Ajche | $ 3,843.78 by 1099 |
| Juan Noe Vasquez Baten | $ 2,152.26 by 1099 |
| Sotero Neri Flores | $ 4,209.40 by 1099 |

| Gregorio Lopez Hernandez | $ 2,749.44 by 1099 |
|---|---|
| Hermenegildo Miqueas Tayun Ixcoy | $ 1, 520.44 by 1099 |
|  |  |
| Michael Faillace and Associates, PC | $ 18, 559.73 by 1099 ($16, 859.33 fees; $1,700.40 costs) |

a.  Within thirty (30) days following the approval of the Settlement Agreement, and satisfaction of all of the other conditions set forth below, Defendants shall make a payment of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) as follows:

    i.  One check payable to " Elcias Lorenzo Mejia Sapon " in the amount of One Thousand Six Hundred and Nineteen Dollars and Seventy-Four Cents ($1,619.74), which shall be reportable on an IRS Form 1099;

    ii.  One check payable to " Hector Sutuj " in the amount of Three Thousand Four Hundred and Six Dollars and Fifty-Eight Cents ($3,406.58), which shall be reportable on an IRS Form 1099;

    iii.  One check payable to " Martin Itzep Alvarez " in the amount of Five Hundred Fifty-Three Dollars and Thirty- One Cents ($553.31), which shall be reportable on an IRS Form 1099;

    iv.  One check payable to " Miguel Alex Quiej Lopez " in the amount of One Thousand One Hundred Ninety-Eight Dollars and Twenty-Six Cents ($1,198.26), which shall be reportable on an IRS Form 1099;

    v.  One check payable to " Ricardo Morales " in the amount of One Thousand Forty-Four Dollars and Sixty-Seven Cents ($1,044.67), which shall be reportable on an IRS Form 1099;

    vi.  One check payable to " Ruben Catu Ajmac " in the amount of One Thousand Six Hundred and Eighty-Six Dollars and Fifty-Five Cents ($1,686.55), which shall be reportable on an IRS Form 1099;

    vii.  One check payable to " Jacinto Francisco Sapon Ajche" in the amount of One Thousand Nine Hundred and Twenty-One Dollars and Eighty-Six Cents ($1,921.86), which shall be reportable on an IRS Form 1099;

    viii.  One check payable to "Juan Noe Vasquez Baten " in the amount of One Thousand Seventy- Six Dollars and Ten Cents ($1,076.10), which shall be reportable on an IRS Form 1099;

    ix.  One check payable to " Sotero Neri Flores" in the amount of Two Thousand One Hundred and Four Dollars and Seventy-Two Cents ($ 2,104.72), which shall be reportable on an IRS Form 1099;

      x.  One check payable to " Gregorio Lopez Hernandez" in the amount of One Thousand Three Hundred and Seventy-Four Dollars and Seventy-Two Cents ($1,374.72), which shall be reportable on an IRS Form 1099;

     xi.  One check payable to " Michael Faillace and Associates, PC" in the amount of Nine Thousand, Thirteen Dollars and Forty-Nine Cents ($9,013.49), which shall be reportable on an IRS Form 1099 to both Plaintiff and Plaintiff's counsel.

b. Thereafter, the remainder of the Settlement Sum (i.e., $26,500) shall be paid in 12 monthly installments of:

    i.  Installments One (1) through Eleven (11) shall be apportioned as follows:

      1.  One check payable to " Elcias Lorenzo Mejia Sapon " in the amount of One Hundred Thirty-Four Dollars and Ninety- Eight Cents ($134.98), which shall be reportable on an IRS Form 1099;

      2.  One check payable to " Hector Sutuj " in the amount of Two Hundred and Eighty-Three Dollars and Eighty Eight Cents ($283.88), which shall be reportable on an IRS Form 1099;

      3.  One check payable to " Miguel Alex Quiej Lopez " in the amount of Ninety-Nine Dollars and Eighty-Five Cents ($99.85), which shall be reportable on an IRS Form 1099;

      4.  One check payable to " Ricardo Morales " in the amount of Eighty- Seven Dollars and Six Cents ($87.06), which shall be reportable on an IRS Form 1099;

      5.  One check payable to " Ruben Catu Ajmac " in the amount of One Hundred Forty Dollars and Fifty-Five Cents ($140.55), which shall be reportable on an IRS Form 1099;

      6.  One check payable to " Jacinto Francisco Sapon Ajche" in the amount of One Hundred and Sixty Dollars and Sixteen Cents ($160.16), which shall be reportable on an IRS Form 1099;

      7.  One check payable to "Juan Noe Vasquez Baten " in the amount of Eighty-Nine Dollars and Sixty-Eight Cents ($89.68), which shall be reportable on an IRS Form 1099;

      8.  One check payable to " Sotero Neri Flores" in the amount of One Hundred Seventy-Five Dollars and Thirty-Nine Cents ($ 175.39), which shall be reportable on an IRS Form 1099;

      9.  One check payable to " Gregorio Lopez Hernandez" in the amount of One Hundred Fourteen Dollars and Fifty-Six Cents ($114.56), which shall be reportable on an IRS Form 1099;

     10.  One check payable to " Hermenegildo Miqueas Tayun Ixcoy" in the amount of One Hundred Fourteen Dollars and Fifty-Six Cents ($126.70), which shall be reportable on an IRS Form 1099;

11. One check payable to " Michael Faillace and Associates, PC" in the amount of Seven Hundred Thirteen Dollars and Eighty-Nine Cents ($795.52), which shall be reportable on an IRS Form 1099 to both Plaintiff and Plaintiff's counsel.

ii. Installment Twelve (12) shall be apportioned as follows:

1. One check payable to " Elcias Lorenzo Mejia Sapon " in the amount of One Hundred Thirty-Four Dollars and Ninety- Eight Cents ($134.98), which shall be reportable on an IRS Form 1099;

2. One check payable to " Hector Sutuj " in the amount of Two Hundred and Eighty-Three Dollars and Eighty Eight Cents ($283.88), which shall be reportable on an IRS Form 1099;

3. One check payable to " Miguel Alex Quiej Lopez " in the amount of Ninety-Nine Dollars and Eighty-Five Cents ($99.85), which shall be reportable on an IRS Form 1099;

4. One check payable to " Ricardo Morales " in the amount of Eighty- Seven Dollars and Six Cents ($87.06), which shall be reportable on an IRS Form 1099;

5. One check payable to " Ruben Catu Ajmac " in the amount of One Hundred Forty Dollars and Fifty-Five Cents ($140.55), which shall be reportable on an IRS Form 1099;

6. One check payable to " Jacinto Francisco Sapon Ajche" in the amount of One Hundred and Sixty Dollars and Sixteen Cents ($160.16), which shall be reportable on an IRS Form 1099;

7. One check payable to "Juan Noe Vasquez Baten " in the amount of Eighty-Nine Dollars and Sixty-Eight Cents ($89.68), which shall be reportable on an IRS Form 1099;

8. One check payable to " Sotero Neri Flores" in the amount of One Hundred Seventy-Five Dollars and Thirty-Nine Cents ($ 175.39), which shall be reportable on an IRS Form 1099;

9. One check payable to " Gregorio Lopez Hernandez" in the amount of One Hundred Fourteen Dollars and Fifty-Six Cents ($114.56), which shall be reportable on an IRS Form 1099;

10. One check payable to " Hermenegildo Miqueas Tayun Ixcoy " in the amount of One Hundred Fourteen Dollars and Fifty-Six Cents ($126.74), which shall be reportable on an IRS Form 1099;

11. One check payable to " Michael Faillace and Associates, PC" in the amount of Seven Hundred Thirteen Dollars and Eighty-Nine Cents ($795.52), which shall be reportable on an IRS Form 1099 to both Plaintiff and Plaintiff's counsel.

c. Each such monthly installment is payable on the 15th of the month as follows: Each and every Installment Payment shall be mailed to Plaintiffs' counsel at Michael Faillace &

Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, Attn: Michael Faillace, Esq. for distribution to the individual Plaintiff.

d. Concurrently with the execution of this Agreement, each Defendants shall execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiffs' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within the schedule set forth herein, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice to be delivered to Defendants via email to cmichailidis@duanemorris.com.

2. Release and Covenant Not To Sue: For and in consideration of the payments provided for in this Agreement, subject to the terms and provisions of this Agreement, Plaintiffs fully, finally, irrevocably and forever releases and discharge Defendants, including each of their past, current and future predecessors, successors, assigns, employees, partners, owners, officers, directors, members, shareholders, affiliates, insurers, fiduciaries, attorneys and agents (hereinafter referred to collectively as the "Releasees"), from any and all claims, causes of action, or complaints, in equity or at law, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, including but not limited to the NYS Wage Theft Prevention Act, and any other statutory, regulatory and/or common law claims for alleged unpaid wages, liquidated damages, statutory damages and/or penalties, interest, costs and attorney's fees, and including, but not limited to, all claims as asserted by the Plaintiffs in the Litigation, from the beginning of time through the date of the Plaintiffs' execution of this Agreement. To the fullest extent permitted by law, the Plaintiffs promise not to sue or bring any charges, complaints, or lawsuits related to the claims hereby discharged and released against the Releasees in the future, individually or as a member of a class or collective action. This release and promise not to sue is binding on the Plaintiffs, their heirs, legal representatives and assigns.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. Modification of the Agreement: This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties with respect to the settlement of the Plaintiffs' FLSA and NYLL claims against the Defendants in the Litigation. This Agreement may not be changed unless the changes are in writing and signed by each Plaintiff and each Defendant.

5. Acknowledgments: Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. The Parties further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    Notices:    Notices required under this Agreement, if any, shall be in writing, by email, and shall be deemed given upon electronic transmission thereof. Notice hereunder shall be delivered, by email, to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Evangelos Michailidis
Duane Morris LLP
1540 Broadway
New York, NY 10036
212-692-1000
Fax: 212-692-1020
Email: emichailidis@duanemorris.com

7.    Governing Law:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, without regard to the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    Enforceability:   If any provision of this Agreement, or part thereof, is held to be illegal, void, or unenforceable, such provision, or part thereof, shall be of no force or effect. However, the illegality or unenforceability of such provision, or part thereof, shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, or part thereof.

9.    Release Notification:   Plaintiffs discussed the terms of this Agreement, including the release of claims set forth herein, with their legal counsel, and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive and release their FLSA and NYLL claims against the Defendants in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Agreement has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts:   To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the dates set forth opposite their respective signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for

all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission, either of which shall be deemed legally binding as fully as an original signature.

**PLAINTIFFS**

_____ Dated: _____ 08 - 11- _____, 2021
Eleias Lorenzo Mejia Sapon

_____ Dated: _____, 2021
Hector Sutuj

_____ Dated: _____, 2021
Martin Itzep Alvarez

_____ Dated: _____, 2021
Miguel Alex Quiej Lopez

_____ Dated: _____, 2021
Ricardo Morales

_____ Dated: _____, 2021
Ruben Catu Ajmac

_____ Dated: _____, 2021
Jacinto Francisco Sapon Ajche

_____ Dated: _____, 2021
Juan Noe Vasquez Baten

_____ Dated: _____, 2021
Sotero Neri Flores

_____ Dated: _____, 2021
Hermenegildo Miqueas Tayun Ixcoy
Gregorio Lopez

Hernandez                     Dated: _____ 8-12- _____, 2021
Gregorio Lopez Hernandez

all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission, either of which shall be deemed legally binding as fully as an original signature.

## **PLAINTIFFS**

| | Dated: _____, 2021 |
|---|---|
| Elcias Lorenzo Mejia Sapon | |

| | Dated: _____, 2021 |
|---|---|
| Hector Sutuj | |

| | Dated: _____, 2021 |
|---|---|
| Martin Itzep Alvarez | |

| | Dated: _____, 2021 |
|---|---|
| Miguel Alex Quiej Lopez | |

| | Dated: _____, 2021 |
|---|---|
| Ricardo Morales | |

| | Dated: _____, 2021 |
|---|---|
| Ruben Catu Ajmac | |

| | Dated: ____8____ / ____11____ / ____, 2021 |
|---|---|
| Jacinto Francisco Sapon Ajche | |

| | Dated: _____, 2021 |
|---|---|
| Juan Noe Vasquez Baten | |

| | Dated: _____, 2021 |
|---|---|
| Sotero Neri Flores | |

| | Dated: _____, 2021 |
|---|---|
| Hermenegildo Miqueas Tayun Ixcoy | |

| | Dated: _____, 2021 |
|---|---|
| Gregorio Lopez Hernandez | |

all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission, either of which shall be deemed legally binding as fully as an original signature.

## **PLAINTIFFS**

_____ Dated: _____, 2021
Elcias Lorenzo Mejia Sapon

_____ Dated: __08/20/__, 2021
Hector Sutuj

_____ Dated: _____, 2021
Martin Itzep Alvarez

_____ Dated: __8/25/21__, 2021
Miguel Alex Quiej Lopez

_____ Dated: __08 - 16 - 2021__, 2021
Ricardo Morales

_____ Dated: _____, 2021
Ruben Catu Ajmac

_____ Dated: _____, 2021
Jacinto Francisco Sapon Ajche

_____ Dated: __08 - 12 - 2021__, 2021
Juan Noo Vasquez Baten

_____ Dated: __08 - 12 - '__, 2021
Sotero Neri Flores

_____ Dated: _____, 2021
Hermenegildo Miqueas Tayun Ixcoy

_____ Dated: _____, 2021
Gregorio Lopez Hernandez

all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission, either of which shall be deemed legally binding as fully as an original signature.

## PLAINTIFFS

| | |
|---|---|
| _____ | Dated: _____, 2021 |
| Elcias Lorenzo Mejia Sapon | |
| | |
| _____ | Dated: _____, 2021 |
| Hector Sutuj | |
| | |
| _____ | Dated: _____ 08-12 _____, 2021 |
| Martin Itzep Alvarez | |
| | |
| _____ | Dated: _____, 2021 |
| Miguel Alex Quiej Lopez | |
| | |
| _____ | Dated: _____, 2021 |
| Ricardo Morales | |
| | |
| _____ | Dated: _____, 2021 |
| Ruben Catu Ajmac | |
| | |
| _____ | Dated: _____, 2021 |
| Jacinto Francisco Sapon Ajche | |
| | |
| _____ | Dated: _____, 2021 |
| Juan Noe Vasquez Baten | |
| | |
| _____ | Dated: _____, 2021 |
| Sotero Neri Flores | |
| | |
| _____ | Dated: _____, 2021 |
| Hermenegildo Miqueas Tayun Ixcoy | |
| | |
| _____ | Dated: _____, 2021 |
| Gregorio Lopez Hernandez | |

all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission, either of which shall be deemed legally binding as fully as an original signature.

**PLAINTIFFS**

_____ Dated: _____ 08 - 11- _____, 2021
Eleias Lorenzo Mejia Sapon

_____ Dated: _____, 2021
Hector Sutuj

_____ Dated: _____, 2021
Martin Itzep Alvarez

_____ Dated: _____, 2021
Miguel Alex Quiej Lopez

_____ Dated: _____, 2021
Ricardo Morales

_____ Dated: 08-11- _____, 2021
Ruben Catu Ajmac

_____ Dated: _____, 2021
Jacinto Francisco Sapon Ajche

_____ Dated: _____, 2021
Juan Noe Vasquez Baten

_____ Dated: _____, 2021
Sotero Neri Flores

_____ _____, 2021
Hermenegildo Miqueas Tayun Ixcoy

_____ Dated: _____, 2021
Gregorio Lopez Hernandez

all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission, either of which shall be deemed legally binding as fully as an original signature.

## PLAINTIFFS

|  | Dated: _____, 2021 |
| --- | --- |
| Eleias Lorenzo Mejia Sapon | |

|  | Dated: _____, 2021 |
| --- | --- |
| Hector Sutuj | |

|  | Dated: _____, 2021 |
| --- | --- |
| Martin Itzep Alvarez | |

|  | Dated: _____, 2021 |
| --- | --- |
| Miguel Alex Quiej Lopez | |

|  | Dated: _____, 2021 |
| --- | --- |
| Ricardo Morales | |

|  | Dated: _____, 2021 |
| --- | --- |
| Ruben Catu Ajmac | |

|  | Dated: _____, 2021 |
| --- | --- |
| Jacinto Francisco Sapon Ajche | |

|  | Dated: _____, 2021 |
| --- | --- |
| Juan Noe Vasquez Baten | |

|  | Dated: _____, 2021 |
| --- | --- |
| Sotero Neri Flores | |

|  | Dated: **12/8/2021** , 2021 |
| --- | --- |
| Hermenegildo Miqueas Tayun Ixcoy | |

|  | Dated: _____, 2021 |
| --- | --- |
| Gregorio Lopez Hernandez | |

all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile or electronic transmission, either of which shall be deemed legally binding as fully as an original signature.

## PLAINTIFFS

_____     Dated: _____, 2021
       Elcias Lorenzo Mejia Sapon

_____     Dated: _____, 2021
           Hector Sutuj

_____     Dated: _____, 2021
        Martin Itzep Alvarez

_____     Dated: _____, 2021
      Miguel Alex Quiej Lopez

_____     Dated: _____, 2021
        Ricardo Morales

_____     Dated: _____, 2021
        Ruben Catu Ajmac

_____     Dated: _____, 2021
    Jacinto Francisco Sapon Ajche

_____     Dated: _____, 2021
     Juan Noe Vasquez Baten

_____     Dated: _____, 2021
        Sotero Neri Flores

_____     Dated: _____, 2021
Hermenegildo Miqueas Tayun Ixcoy

_____     Dated: _____, 2021
     Gregorio Lopez Hernandez

**DEFENDANTS**

_____        Dated: ___August   2Y___, 2021
            Bare City Two, LLC

_____        Dated: ___August   2 Y___, 2021
                BB 57 LLC

_____        Dated: ___August   2 Y___, 2021
               BB One, LLC